(27 Misc. Rep. 588.)

### FREDRICHS et al. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   May 29, 1899.)

INTEREST—AWARD AGAINST CITY—SUFFICIENCY OF DEMAND.

Where the four calendar months after an award by commissioners against a city expired on Sunday, and the demand of payment thereof, required by Act 1894, c. 746, § 4, in order to start the running of interest, was made on Saturday, and received by the city without objection, and no offer was made to pay the same on the following Monday, the objection that such demand should have been made on Monday, instead of Saturday, is waived.

Action by Edward Fredrichs and others against the city of New York to recover interest on the amount of an award.   Judgment for plaintiffs.

G. H. Rudolph, for plaintiffs.

John Whalen, for defendant.

McADAM, J.   The evident purpose of the demand required by section 4, c. 746, Act 1894, was to require the creditor to put the city in default in order to start the running of interest on the award made. The report of the commissioners was confirmed December 10, 1897, and by the statute of the city is required to pay "within" four calendar months thereafter.   The four calendar months expired April 10, 1898; but, that day being Sunday, the plaintiffs presented their claims for $21,000 (the amount of the award) to the comptroller on Saturday, April 9, 1898, and therein made demand that the award be paid, with interest from April 10, 1898, giving therewith a notice that, in default of payment within 30 days thereafter, suit would be brought to recover said award, with lawful interest thereon.   The principal sum awarded was, on November 14, 1898, paid to the plaintiffs, without interest; the defendant stipulating not to interpose the defense that the plaintiffs had waived their right to interest by accepting the principal. The action is to recover the interest that accrued on the money withheld from April 10, 1898, to November 10, 1898, when the principal was paid.   The defense that the demand should have been served on Monday, April 11th, instead of Saturday, April 9th, is purely technical. If the city had specifically objected at the time that the demand was premature, and should not be made until Monday, April 11, 1898, the plaintiffs might have renewed the demand on that day, and obviated all question.   No such point was then taken, and it seems to have been assumed that the demand was timely.   At all events, the city gave

the plaintiffs no opportunity to mend their hold, and the technicality should not meet with favor now. If the city had tendered the award, without interest, on Monday, April 11, 1898, the defense would have been meritorious. But the city accepted the notice of claim and demand, retained it without objection, and delayed the payment of the award until November 14, 1898,—a period of over seven months,— having the use, in the meantime, of the plaintiffs' money; and interest is always regarded as an incident of principal wrongfully withheld. Under the peculiar circumstances, it must be held that the demand was a substantial compliance with the requirements of section 4, sufficient to start the running of interest from April 10, 1898, until November 10, 1898, when the principal sum was paid.

There must be judgment in favor of the plaintiffs.

---

(27 Misc. Rep. 538.)

### HAUSER et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

MASTER AND SERVANT—INDEPENDENT CONTRACTOR—INJURIES TO THIRD PERSONS.

A street-railway company which employs a contractor to make an improvement is not liable for injuries to third persons resulting from the negligence of a workman employed by the contractor.

Appeal from municipal court, borough of Manhattan, First district.

